# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUIS S. MUNOZ,**

        **Plaintiff,**

**v.**                                      **Case No:  6:12-cv-1787-Orl-28GJK**

**US BANK NATIONAL ASSOCIATION,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| |
|---|
| **MOTION:**      **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:**        **November 27, 2012** |
| |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

## I.  BACKGROUND

On November 27, 2012, Plaintiff, Luis S. Munoz, filed a Complaint against Defendant, US Bank National Association.  Doc. No. 1.  Plaintiff alleges that Defendant "commited [sic] a fraud upon the Court" by foreclosing on his mortgage without owning the mortgage, note or security agreements; lacking the power to represent the real party in interest; and failing to "present[] facts in support thereof."  Doc. No. 1 at 2.  Plaintiff requests the Court "vacate the sale and judgment," and deny any motion that asserts the Court lacks jurisdiction over the parties. Doc. No. 1 at 2.  On November 27, 2012, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (hereafter "Motion").  Doc. No. 2.

## II. LAW

### A.      The Statute and Local Rules.

When a party seeks files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915 directs the district court to review and dismiss a complaint when it determines the action is frivolous, malicious or fails to state a claim upon which relief can be granted.[1]   This statutory language is mandatory and applies to all proceedings *in forma pauperis*.   *See Boyington v. Geo Group, Inc.*, No. 2:09–cv–570–FtM–29SPC, 2009 WL 3157642 (M.D. Fla. Sept. 25, 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).[2]

Local Rule 4.07(a) also governs proceedings *in forma pauperis* and provides that the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.   The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.   Local Rule 6.01(c)(18).   With respect to an involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district court.   *Id.*   The district court may dismiss the case if satisfied that the action is frivolous or

---

[1]   28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]   Similarly, a party may not take an appeal *in forma pauperis* if the district court certifies, in writing, that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

malicious under Section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

## B. Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3]  *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway into the federal courts.  *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

## C. Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.  *Clark*, 915 F.2d at 639.  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Id.*  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*  Legal theories are frivolous when they are "indisputably meritless."  *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129.  Section 1915 authorizes the dismissal of

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2).  *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

"claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

> **D.      The *Rooker-Feldman* Doctrine.**

In *Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (2011), the United States Supreme Court recently clarified the meaning and application of the *Rooker-Feldman*, stating:

> As we explained in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the *Rooker–Feldman* doctrine has been applied by this Court only twice, i.e., only in the two cases from which the doctrine takes its name: first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), then 60 years later, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Both cases fit this pattern: <u>The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment. Alleging federal-question jurisdiction, the plaintiffs in *Rooker* and *Feldman* asked the District Court to overturn the injurious state-court judgment. We held, in both cases, that the District Courts lacked subject-matter jurisdiction over such claims, for 28 U.S.C. § 1257 "vests authority to review a state court's judgment solely in this Court</u>." *See Exxon*, 544 U.S., at 292, 125 S.Ct. 1517.

*Id.* (emphasis added).  Thus, the *Rooker-Feldman* doctrine holds that District Courts lack subject matter jurisdiction to review state court judgments.  *Id.*

## III. ANALYSIS

It is apparent from the allegations in the Complaint that Plaintiff is requesting the Court review and overturn a state court judgment of foreclosure.  Doc. No. 1.  Pursuant to the *Rooker-Feldman* doctrine, the District Court lacks subject matter jurisdiction to review such judgments.

Accordingly, it is **RECOMMENDED** that the Court:

1)  **DENY** the Motion;

2)  Dismiss the case for lack of subject matter jurisdiction; and

3)  Direct the Clerk to close the case.

**The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 29, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy